**03-61934**

# UNITED STATES DISTRICT COURT CIV-SEITZ
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**MAGISTRATE BANDSTRA** 

ACCESS FOR THE DISABLED, INC., a
Florida not-for-profit corporation, and
PATRICIA KENNEDY, an individual,

        Plaintiffs,

vs.

INLAND SOUTHEAST MIDWAY, L.L.C.,
a foreign Limited Liability Company,
(Blockbusters)

        Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs, ACCESS FOR THE DISABLED, INC. ("ACCESS"), a Florida not-for-profit corporation, and PATRICIA KENNEDY ("KENNEDY"), an individual (jointly, "PLAINTIFFS"), sue the Defendant, INLAND SOUTHEAST MIDWAY, L.L.C., a foreign limited liability company ("DEFENDANT"), and allege:

### JURISDICTION AND VENUE

1.    This action is brought by PLAINTIFFS to enforce Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq.

2.    This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

1

4.      Blockbusters ("the Property") is a retail store, rental or other service establishment, and is a public accommodation subject to the ADA, located at approximately 5819 North University, Tamarac, Florida.

## PARTIES

5.      Plaintiff, ACCESS FOR THE DISABLED, INC. ("ACCESS"), is a Florida not-for-profit corporation that has its principal place of business in Broward County, Florida. ACCESS is engaged, inter alia, in seeking compliance with the accessibility regulations, educational efforts to correct violations, when found, and when necessary and appropriate, litigation to require persons and entities in violation of accessibility regulations to comply with the act. One of ACCESS'S purposes is to assure that businesses are accessible to, and usable by, all persons, including those persons with disabilities. ACCESS' organizational purpose is adversely affected by DEFENDANT'S failure to comply with accessibility regulations. ACCESS and its members suffer direct and indirect injury as a result of DEFENDANT'S actions or inactions as described herein, and each member would have standing to maintain this action on his or her own. Thus, ACCESS suffers direct and concrete injury as a result of DEFENDANT'S discriminatory actions.

6.      Plaintiff, KENNEDY is a resident of Broward County, Florida, and is a qualified individual with disabilities under the ADA. Plaintiff KENNEDY was subject to discrimination, as defined in 42 U.S.C. §12182 and 42 U.S.C. $12132, by DEFENDANT during the year 2003, when she attempted to access the accommodations at the Property, or she would have attempted to access these accommodations but for the violations observed at the Property and alleged herein. Plaintiff KENNEDY intends to visit the Property again in the future, and she is likely to be subjected to continuing discrimination by DEFENDANT in the future.

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256 (305) 358-7747 – Facsimile (305) 577-1063

7. DEFENDANT is a foreign Limited Liability company doing business in Broward County, Florida.

8. All events giving rise to this lawsuit occurred in Broward County, Florida.

9. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. § 12101, et seq. The ADA mandated all commercial businesses to implement its requirements by January 26, 1992, the effective date of Title III of the ADA. 42 U.S.C. § 12131; 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

## VIOLATION OF THE ADA

10. DEFENDANT is the owner, lessor, lessee, and/or operator of the Property.

11. DEFENDANT has discriminated against Plaintiffs KENNEDY and ACCESS and its constituent members, and continues to discriminate against them and others who are similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facilities at the Property, as prohibited by 42 U.S.C. § 12131 et seq.; 42 U.S.C. § 12182 et seq., by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2), and by failing to design and construct facilities that are readily accessible to and usable by individuals with disabilities as required by 42 U.S.C. § 12183(a)(1).

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are codified at 28 C.F.R. Part 36.

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256 (305) 358-7747 – Facsimile (305) 377-1063

13. The Property is a "place of public accommodation," as it is a retail store or other service establishment, as defined in 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104. As such, it is required to comply with the mandates of 42 U.S.C. § 12181 et seq. and 28 C.F.R. Part 36.

14. The public accommodations provided by DEFENDANT, as owner, lessor, lessee, and/or operator of the Property, are not accessible to people with disabilities, including Plaintiff KENNEDY and other people with disabilities in the State of Florida, for whom Plaintiff ACCESS seeks to protect. The Property is inaccessible to people with disabilities due to DEFENDANT'S failure to remove architectural barriers where such removal is readily achievable, failure to provide auxiliary aids that would not result in undue burden, and by failing to bring their facilities into compliance with ADAAG Standards. This inaccessibility is in violation of the ADA, 42 U.S.C. § 12181. Such inaccessibility includes, but is not limited to:

A. **Exterior Accessible Parking and Routes**:

   A.1. There is not an accessible route from the street to the building entrance in violation of ADAAG 4.1.2. (1), the resolution of which is readily achievable.

   A.2. The accessible parking spaces do not have access aisles as per ADAAG 4.6.3, the resolution of which is readily achievable.

   A.3. The accessible parking space is not marked as per US code 23 section 109 D striped in white and prominently outlined in blue, the resolution of which is readily achievable.

   A.4. The larger ramp protrudes into the accessible parking spaces in violation of ADAAG 4.7.6, the resolution of which is readily achievable.

   A.5. The larger ramp has a cross slope that is in access of the maximum amount as per ADAAG 4.8.6, the resolution of which is readily achievable.

   A.6. The larger ramp does not have handrails on both sides in violation of ADAAG 4.8.5 .If a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm), then it shall have handrails on both sides. (1) Handrails shall be provided along both sides of ramp segments, the resolution of which is readily achievable.

4

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256 (305) 338-7747 – Facsimile (305) 577-1063

A.7. The larger ramp does not have edge protection. There are drop-offs with no edge protection to ramps and landings in violation of ADAAG 4.8.7, the resolution of which is readily achievable.

A.8. The small ramp does not have handrails on both sides. in violation of ADAAG 4.8.5 .If a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm), then it shall have handrails on both sides. (1) Handrails shall be provided along both sides of ramp segments, the resolution of which is readily achievable.

A.9. There is no accessible route from the accessible parking spaces to the building entrance's other than a route that is blocked by a car stop in violation of ADAAG 4.1.2, the resolution of which is readily achievable.

A.10. There are no level landings either at the top and/or bottom of each ramp, in violation of ADAAG 4.8.4. A level landing is not at the bottom of the ramp, enters a vehicular pathway; and the walking surface is not separated by curbs. The boundary area is not defined by a continuous detectable warning, which is a direct violation of ADAAG 4.29.5, the resolution of which is readily achievable.

A.11. The accessible parking space is not, "dispersed and located closest to the accessible entrance" as per ADAAG 4.6.2, the resolution of which is readily achievable.

B. **Interior Accessible Elements and Spaces:**

B.1. At the entrance doors the hardware to gain entry is flat and not accessible, as required by ADAAG 4.13.9, the resolution of which is readily achievable.

B.2. There are self-service areas that are outside of the reach ranges prescribed in Section 4.2 of the ADAAG, the resolution of which is readily achievable.

B.3. There is no signage identifying the accessible check-out aisles and do not comply with 4.30.7 and they are not mounted above the check-out aisle in the same location where the check-out number or type of check-out is displayed In violation of ADAAG 7.3, the resolution of which is readily achievable.

C. **Restrooms:**

C.1. The doors to the toilet room/ restroom are not automatic or power assisted and do not have the maneuvering space relative direction per fig. 25 in violation of section 4.13.6 of the ADAAG, the resolution of which is readily achievable.

5

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256 (305) 358-7747 – Facsimile (305) 377-1063

C.2. Stall Hardware handles, locks and other operating devices on accessible doors should have a shape that is easy to grasp and that does not require twisting of the wrist to operate. The hardware on these doors does not meet the guidelines of the ADAAG 4.13.9, the resolution of which is readily achievable.

C.3. The lavatory trap in the restrooms protrude beyond the 6" into the knee clearance required by ADAAG Figure 31, the resolution of which is readily achievable.

C.4. Lavatory is not insulated. The accessible lavatory hot water pipes and drain pipes are not insulated or otherwise configured to protect against contact in violation of ADAAG 4.19.4, the resolution of which is readily achievable.

C.5. The area below the accessible lavatory is not free of sharp or abrasive surfaces and is in violation of ADAAG 4.19.4, the resolution of which is readily achievable.

C.6. The lavatory encroaches into the clear floor space of the water closet in violation of 4.17.3 Figure 30a, the resolution of which is readily achievable.

C.7. The grab-bars in the restrooms do not comply with the requirements prescribed in ADAAG 4.17.6 and 4.26 of the ADAAG, the resolution of which is readily achievable.

C.8. The rear grab bar is not 36" long offset one foot as described in ADAAG 4.16.4, and figure 29, the resolution of which is readily achievable.

C.9. The grab bar is not horizontal and mounted between 33 – 36" above finish floor in violation of ADAAG 4.16.4, Figure 29, the resolution of which is readily achievable.

C.10. The rear grab bar is not horizontal and mounted between 33 – 36" above finish floor in violation of ADAAG 4.16.4, Figure 29, the resolution of which is readily achievable.

C.11. The paper towel dispenser is not within the required reach range per ADAAG 4.5.6, the resolution of which is readily achievable.

C.12. Soap dispenser is not within the required reach range per ADAAG 4.5.6, the resolution of which is readily achievable.

C.13. The mirrors that are provided, do not have a bottom edge of the reflecting surface no higher than 40" from the floor in violation of ADAAG 4.22.6, 4.23.6, 4.19.6, the resolution of which is readily achievable.

6

HINSHAW & CULBERTSON
P.O. Box 569009, Suite 1600, 9155 South Dadeland Boulevard, Miami, Florida 33256 (305) 358-7747 – Facsimile (305) 577-1063

15. Other violations of the ADA are believed to exist at the Property, which may be identified at the time that a full inspection is made. The barriers described above deny persons with disabilities equal access to the Property. PLAINTIFFS have otherwise been discriminated against by DEFENDANT because of the ADA violations set forth supra.

16. PLAINTIFFS are entitled to an award of attorney fees, expert fees, costs and expenses incurred in this case from DEFENDANT, pursuant to 42 U.S.C. §12205.

17 This Court is vested with the authority to grant PLAINTIFFS injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the required modifications are completed.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANT and request that this Court:

A. Accept jurisdiction of this case and declare that policies, procedures and services at the Property are discriminatory and are not in compliance with the ADA;

B. Enter an Injunction requiring DEFENDANT to alter the facilities at the Property expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural and communication barriers, and provide alternative means of access to the extent required by the ADA;

C. Enter as part of that Injunction a provision directing DEFENDANT to neutralize its policies, practices, and procedures toward persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D. Enter an Order awarding reasonable attorneys' fees, experts' fees, costs, and expenses to PLAINTIFFS; and,

E. Enter an Order awarding such other and further relief as the Court deems necessary, just and proper;

F. Retain jurisdiction of this case until DEFENDANT has fully complied with the orders of this Court.

Respectfully submitted,

HINSHAW AND CULBERTSON

_____
Paul R. Wallace, Esquire
Florida Bar No. 144534
P.O. Box 569009
9155 South Dadeland Boulevard
Suite 1600
Miami, FL 33256-9009
Telephone: 305-358-7747
Facsimile: 305-577-1063

14292504v1 830989

# CIVIL COVER SHEET

03-61934-CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
ACCESS FOR THE DISABLED, INC., A florida not-for-profit corporation, and PATRICIA kennedy, an individual

**DEFENDANTS**
INLAND SOUTHEAST MIDWAY, LLC, a foreign limited liability company (Blockbusters)

MAGISTRATE BANDSTRA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward 03CV61934 PAS/Bandstra

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Paul R. Wallace, Hinshaw & Culbertson, P.O. Box 569009, Miami, FL 33256-9009, Tel: (305) 358-7747

**ATTORNEYS (IF KNOWN)**

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- XX 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- XX Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | XX 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 12101 ADA

**LENGTH OF TRIAL** ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/21/2003
SIGNATURE OF ATTORNEY OF RECORD

$150.00  891295
10/23/03

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____